■ In the Matter of PAUL MUNDINGER et al., Respondents, v ASSESSOR OF THE CITY OF RYE et al., Appellants.—In consolidated proceedings pursuant to CPLR article 78, *inter alia,* to compel the appellants to roll back the 1988 tax assessment on the petitioners' property, the appeal, by permission, is from an order of the Supreme Court, Westchester County (Silverman, J.), entered August 24, 1990, which (1) granted the petitioners' motion for disclosure, and (2) denied the appellants' cross motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

The petitioners are owners of waterfront real estate in the City of Rye. In 1988, the petitioners received a letter from the respondent Assessor of the City of Rye informing them that, due to the rapid rate of appreciation of property such as theirs, 150 waterfront parcels (including theirs) had been reassessed over the previous two years. The petitioners commenced this proceeding seeking, *inter alia,* to have the reassessments rolled back, claiming that the practice of "selective reassessment" had discriminated against waterfront property in favor of nonwaterfront property, and denied them equal protection under the law.

After the Supreme Court denied a motion by the appellants to dismiss the proceeding and a cross motion by the petitioners for summary judgment, the petitioners moved pursuant to CPLR 408 for leave to conduct a deposition of the Assessor. The appellants cross-moved for summary judgment. The Supreme Court granted the petitioners' motion to the extent of allowing the service of interrogatories on the Assessor, and denied the appellants' cross motion for summary judgment.

It is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the Constitutions of the United States and the State of New York *(see, Allegheny Pittsburgh Coal v Webster County,* 488 US 336; *Matter of Krugman v Board of Assessors,* 141 AD2d 175; *cf., Nordlinger v Hahn,* 505 US —, 120 L Ed 2d 1). The reassessment program in the case at bar would be justified by the appellants' obligation to tax real property at a uniform percentage of value if waterfront residential property appreciated at a higher rate than nonwaterfront residential property *(see,* RPTL 305). Contrary to the appellants' assertions, the conflicting affidavits contained in the record create an issue of fact as to whether that is the case. We therefore find that the appellants' cross motion for summary judgment was properly denied.

We have considered the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.