■ In the Matter of Frank DeLeonardis, Appellant, v Assessor of the City of Mount Vernon et al., Respondents. [641 NYS2d 83] —In a proceeding pursuant to CPLR article 78 to review the respondents' tax reassessment of the petitioner's property effective May 1, 1993, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 5, 1994, which denied the application on the ground that the petitioner failed to prove that his property was illegally assessed.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the reassessment is vacated, and the matter is remitted to the respondents for a new assessment in accordance herewith.

In April 1992, the petitioner purchased a parcel of real property improved by a one-family dwelling in the City of Mount Vernon for $620,000. At the time of the purchase, the assessed value of the property was $23,000. The petitioner thereafter applied for and received permits from the respondents to make

certain improvements to the property and did in fact make certain improvements. In June 1993, the petitioner was notified by the Department of Assessment of the City of Mount Vernon that the assessed value of his property had been adjusted from $23,000 to $35,000. The petitioner's challenge to the assessment was rejected by the respondent Board of Assessment Review. The petitioner then filed a petition for Small Claims Assessment Review (hereinafter SCAR) in Westchester County, alleging that he had been subjected to an unequal assessment, and that his property should have been assessed at $26,250 rather than $35,000.

The Judicial Hearing Officer dismissed the petition, finding that the petitioner failed to establish that the assessor "engaged in a pattern or methodology of assessing homes based upon the purchase price when other homes are not being reassessed" and, in addition, such a claim had to be raised in a proceeding pursuant to CPLR article 78, not a SCAR proceeding. The Judicial Hearing Officer also rejected the petitioner's claim that comparable properties were assessed at lower values, finding that the "best evidence of value" was the $620,000 purchase price.

The petitioner then commenced the present proceeding pursuant to CPLR article 78, alleging that the respondent Assessor had admitted that he predicated the approximately 52% increase in the assessed value on the 1992 purchase price of $620,000 and had not examined comparable properties before arriving at the assessed value. The petitioner contended that even accepting the respondents' claims that the costs of the improvements were approximately $50,000 to $75,000, the improvements did not justify an increase in assessed value of over 50%, which reflects an increase in property value of approximately $225,000.

In their answer, the respondents denied that the assessment was based on the purchase price. The Commissioner of the Department of Buildings for the respondent City of Mount Vernon submitted an affidavit stating that she had visited the petitioner's property while improvements were being made, and that the cost of the improvements were, as she had testified at the hearing before the Judicial Hearing Officer, in the range of $50,000 to $75,000. Counsel for the respondent City submitted an affidavit denying that the property was assessed as a result of the sale in 1992, and stated that all property in the City on which improvements had been made pursuant to building permits was subject to reassessment. She further contended that the list of comparable properties submitted by

the respondents established that there were comparable properties with assessments similar to the petitioners. The Assessor did not submit an affidavit disputing the claim that he relied on the purchase price in arriving at the assessed value.

The Supreme Court found that there was no proof of selective assessment as claimed by the petitioner, since the evidence established that the Assessor had knowledge of the extensive improvements to the property prior to the assessment. We now reverse.

The petitioner did not establish that his property was selectively reassessed merely because it had recently been transferred (*see, Matter of Krugman v Board of Assessors,* 141 AD2d 175). However, we agree that the evidence on the record supports the petitioner's contention that the 1992 purchase price formed the basis for the resultant 1993 increase in assessed value of approximately 52% over the 1992 assessed value. Despite the respondents' claim that the Assessor did not rely on the purchase price in determining the assessed value, the Assessor did not submit an affidavit in response to the petitioner's allegation that the Assessor had in fact testified that he did so. Moreover, the Judicial Hearing Officer, in fact, utilized the recent purchase price for the purpose of assessing the improvements on the parcel.

While reliance on the purchase price "may be valid so long as the implicit policy is applied even-handedly to all similarly situated property" (*see, Allegheny Pittsburgh Coal v Webster County,* 488 US 336, 345), the respondents do not allege that there is any "policy" in effect (*cf., Nordlinger v Hahn,* 505 US 1). Furthermore, while assessment upon improvement may be permissible, the respondents have not, as in *Nash v Assessor of Town of Southampton* (168 AD2d 102), alleged that there is in place a comprehensive assessment plan under which all properties will be reassessed, including those on which improvements have been made. Nor does the list of "comparable" properties submitted by the respondents support the contention that there were comparable properties with similar assessments, as none of the properties had been recently reassessed as a result of improvements. Of the 10 listed properties submitted by the petitioner, only two had been subject to assessment since 1973. Of the three properties which were contained on both comparables lists, only one had been assessed since 1973.

Utilizing the recent purchase price as a basis for determining the increase in assessed value of a property on which improvements have been made pursuant to building permits, while similarly situated properties which have not been

improved are not subject to reassessment, results in discriminatory treatment of the petitioner by imposing upon him a tax burden not imposed upon owners of similarly situated property (*see, Allegheny Pittsburgh Coal v Webster County,* 488 US, *supra,* at 345). Therefore, the petition is granted to the extent of vacating the reassessment, and the matter is remitted to the respondents for a new assessment taking into account only the value of the improvements to the property. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.