■ In the Matter of DOUGLAS C. STERN et al., Respondents, v ASSESSOR OF THE CITY OF RYE et al., Appellants. [702 NYS2d 100] —In related proceedings pursuant to Real Property Tax Law article 7 to review the tax assessment of the petitioners' real property for the tax years 1996 and 1997, the appeal is from an order of the Supreme Court, Westchester County (Palella, J.), dated September 8, 1998, which granted the petitioners' motion for summary judgment and determined that the only issue to be tried was the value of the improvements to the subject properties to be added to the prior assessments in order to calculate total assessed value.

Ordered that the order is affirmed, with costs.

In May 1995 the petitioner Douglas C. Stern purchased an improved parcel of real property in the City of Rye for $1,445,100. After the purchase, he made approximately $180,000 in improvements. In 1996 the Assessor of the City of Rye increased the assessed value from $60,300 to $78,050. That assessment was reduced by the Board of Assessment Review of the City of Rye to $75,500.

In 1994 the petitioner Patrick McGovern purchased an improved parcel of real property for $660,000. McGovern made approximately $165,000 in improvements. Thereafter, the Assessor of the City of Rye increased the assessed value of that parcel from $15,100 to $32,450, which the Board of Assessment Review of the City of Rye reduced to $28,000.

After unsuccessful challenges to the assessments in Small Claim Assessment Review proceedings, the petitioners commenced proceedings in 1997 pursuant to Real Property Tax Law § 733 (3) to contest the 1996 and 1997 assessments. The Supreme Court granted the petitioners' motion for summary judgment, finding that the tax assessments were illegal. We affirm.

While selective assessment of properties based solely upon the transfer of title to those properties has no rational basis in law (*see, Allegheny Pittsburgh Coal v Webster County,* 488 US 336; *Matter of Feigert v Assessor of Town of Bedford,* 204 AD2d 543; *Matter of Krugman v Board of Assessors,* 141 AD2d 175), reassessment upon improvement is not illegal in and of itself (*see, Nash v Assessor of Town of Southampton,* 168 AD2d 102). Nor is the use of the purchase price or the current market value to reach a tax assessment in and of itself unconstitutional (*see, Allegheny Pittsburgh Coal v Webster County, supra,* at 342-343; *Matter of Mundinger v Assessor of City of Rye,* 187 AD2d 594, 595) "so long as the implicit policy is applied evenhandedly to all similarly situated property" (*Allegheny Pittsburgh Coal v Webster County, supra,* at 345; *see, Matter of Mundinger v Assessor of City of Rye, supra*).

Here, the petitioners' properties were reassessed after recent improvements. However, rather than adding the value of the improvements to the prior assessment (*see, Matter of DeLeonardis v Assessor of City of Mount Vernon,* 226 AD2d 530), the properties were reassessed to a comparable market value that included the value of the improvements (*see, Nash v Assessor of Town of Southampton, supra*). Since no comprehensive assessment plan was in place to reassess the entire tax roll to reflect the comparable market value of all appreciated properties, those properties with recent improvements bore a discriminatory tax burden not imposed on similarly-situated properties that had also appreciated, but which had no recent improvements (*see, Matter of DeLeonardis v Assessor of City of Mount Vernon, supra*).

Contrary to the appellants' contention, the assessor, in calculating the new assessments, relied in part on the recent purchase prices in calculating the comparable market value including improvements. Most compelling is the fact that the 1996 assessed value of the Stern property was just over the 1995 purchase price plus improvements. While the 1996 assessed value of the McGovern property was not equal to the purchase price plus improvements, it was an eighty five percent increase over the prior assessment. The use of the purchase price as a basis for determining the increase in assessed value on recently-improved property resulted in a discriminatory tax burden on the petitioners since it was not imposed on unimproved similarly-situated properties pursuant to a comprehensive assessment plan.

Since the appellants failed to rebut the petitioners' prima facie entitlement to judgment as a matter of law (*see, Alvarez v*

*Prospect Hosp.,* 68 NY2d 320, 324) by proffering admissible evidence that the reassessments were lawful pursuant to a comprehensive reassessment plan (*cf., Nordlinger v Hahn,* 505 US 1); the Supreme Court properly granted summary judgment to the petitioners (*see, Matter of DeLeonardis v Assessor of City of Mount Vernon, supra*). Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.