■ In the Matter of ROBERT D. GRAY et al., Respondents, v THOMAS G. HUONKER, as Assessor of City of Rochester, et al., Appellants. [758 NYS2d 731] —Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Frazee, J.), entered February 5, 2002, which, inter alia, granted the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners own property in respondent City of Rochester (City) that they purchased in August 2000 for $290,000, at which time the property had recently been reassessed for $135,000. City-wide reassessments had occurred in 1984, 1986, 1990, 1996 and 2000. After the office of respondent City Assessor received a copy of petitioners' deed, the disparity between the purchase price and the assessed value of the property was noted, and the assessed value of the property was

increased to $235,000. The increase was upheld by the Board of Assessment Review upon petitioners' appeal. Petitioners thereafter commenced this CPLR article 78 proceeding, contending that the selective reassessment of their property based on the sale of the property violates the Equal Protection Clauses of the US and NY Constitutions. Supreme Court agreed with petitioners and granted the petition. We affirm.

If the selection of property for reassessment " 'is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law' " (*Allegheny Pittsburgh Coal Co. v County Commn. of Webster County, W. Va. E. Ky. Energy Corp.*, 488 US 336, 344 [1989]; *see Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 182-183 [1988]). In this case, however, there was a selective reassessment that was not based on a policy "applied even-handedly to all similarly situated property within the [jurisdiction]" (*Allegheny Pittsburgh Coal Co.*, 488 US at 345; *see e.g. Matter of Stern v Assessor of City of Rye*, 268 AD2d 482, 483 [2000]; *Matter of DeLeonardis v Assessor of City of Mount Vernon*, 226 AD2d 530, 532-533 [1996], *lv denied* 88 NY2d 811 [1996]). Present— Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.