*258 OPINION OF THE COURT
John R. LaCava, J.
The petitioners, David Weiner and Jennifer Philips, are the owners of property known as and located at 39 Winfield Avenue, Harrison, New York, which property is identified on the tax map of the Town/Village of Harrison (respondent Town) as block 482, lot 76 (the subject property). In or about 1964, the subject property, a one-acre parcel, was improved by the addition of a 3,600 square foot, five bedroom, five bathroom single-family home. For the tax years 2000 and 2001, the property was assessed at $21,800.
In 2001, a sale of the premises was completed for $806,000. In late 2001, the then-owners of the premises, Robert and Joan Balkind, commenced a construction project. Their building permit application projected $300,000 in construction costs, and described the work to be commenced as “Additions and Alterations” of the premises. For the tax year 2002, upon an estimate by the Town Assessor of the completion of 40% to 50% of the project, the property assessment was raised to $26,200. A certificate of occupancy for the premises, listing the same type of work, was issued in April 2003, and, one month later, a sale of the premises from 39 Winfield Associates, LLC to the petitioners was completed for a sale price of $2,875,000. For the 2003 tax year, the assessment was then increased by nearly double, to the sum of $52,700, where it has remained to date.
After he was notified by the Town’s building department that a permit had been granted for the construction, respondent Assessor inspected the property in May 2002. He evaluated the status of construction, the quality of the work, and the nature of materials used. He also noted that the previously-existing home had been replaced by a new and greatly expanded structure, which retained only the foundation of the previous house, but which had been expanded to meet the larger footprint of the new structure. Additionally, he noticed that portions of two walls of the original home were left standing, but were re-framed in order to be raised to the intended new height of the replacement house. He then, in recognition of what appeared to him to be new construction, and the fact that the property was then only, in his opinion, approximately 40% to 50% complete, established a partial increase in the assessment for the 2002 assessment roll based on its market value and the apparent degree of completion.
In April 2003, after a certificate of occupancy had been issued for the premises, respondent Assessor revisited the property. He *259 determined that construction was completed and, considering the current market value of the newly renovated property calculated its full market value before establishing an increased assessment for the 2003 roll as indicated above.
The parties do not disagree as to the size and configuration of the replacement home. The original 3,600 square foot structure was demolished and removed, except for the foundation and portions of two of the original walls, which were left standing to be utilized in connection with the new house. The replacement home unquestionably expanded the original footprint by more than doubling the dimensions from 3,600 to 7,800 square feet. In construction, all new studs and framing, new plumbing, electric fixtures, sheetrock, windows, doors, fireplaces, etc. were incorporated. Ceilings were raised from 8 feet to a height of 9 and 10 feet; an additional full size bathroom was created; garage space was expanded from two to three cars; and the square footage of the second story was greatly expanded. In addition, the renovations included a “state of the art” custom kitchen, which included a huge island for seating and serving, and a butler’s pantry.
Petitioners subsequently filed a grievance with the Town Board of Assessment Review. This grievance was denied and petitioners filed the instant 2006 petition. Petitioners similarly, and with a similar lack of success, grieved the 2007 assessment, and then filed the instant 2007 petition.
Petitioners now seek an order granting partial summary judgment pursuant to CPLR 3212, finding that the subject property was selectively, and thus improperly and unlawfully, assessed by the respondents, and setting the current assessment at the amount of the previous assessment plus the equalized value of the improvements. Petitioners argue that any assessment may only take into account the value of new improvements to the subject premises, citing to Matter of Stern v Assessor of City of Rye (268 AD2d 482 [2d Dept 2000]).
Respondents move likewise for summary judgment pursuant to CPLR 3212, arguing that, inter alla, this court’s decision in Matter of Young v Town of Bedford (9 Misc 3d 1107[A], 2005 NY Slip Op 51444[U] [Sup Ct, Westchester County 2005, Dickerson, J.], affd 37 AD3d 729 [2d Dept 2007]) controls.
Discussion of Selective Assessment Cases
In Young v Town of Bedford (supra), petitioner built five large homes on a previously-owned unimproved parcel; four of the *260 five homes were sold, while petitioners kept the fifth home as their own. Young argued that the house was valued based on the assessor’s determination of the current market value of the property, rather than a determination of the contributory value added by the improvements. The former, Young asserted, was selective reassessment. The respondent argued that the parcel was reassessed due to its conversion from an unimproved to an improved state, by assigning a value representing the improvement component of the property’s assessed valuation, and adding to this the previous land assessment.
This court held that, when the Youngs completed their new home, the property was “converted from raw land to an improved state (bringing about) a fundamental change in its character . . . and value (requiring) a new assessment” (2005 NY Slip Op 51444[U], *7). During the building process the Assessor conducted
“ ‘multiple inspections of the property . . . Took measurements, observed the physical extent of the construction; evaluated the quality of such construction; estimated the cost of materials and labor related to the improvements; and estimated the price of said improvements. Relying upon (his) knowledge and experience (he) performed a series of computations as to multiple components of the improvements (relying upon) the 1974 Appraisal Manual prepared by Cole, Layer & Trumble that performed the 1974 revaluation for the Town of Bedford.’ The Assessors’ computations were set forth on the subject property’s assessment card and ‘resulted in an improvement component of the total assessment of $193,000.’ ” (2005 NY Slip Op 51444[U], *7-8.)
In analyzing the selective reassessment argument by petitioner in Young, the court focused on the allegation that reassessments based on more than the value of subsequent improvements to an existing structure might involve selective reassessment.
In, for example, Matter of Stern v Assessor of City of Rye (at 483), the Second Department noted “reassessment upon improvement is not illegal in and of itself.” In Stern,
“the petitioners’ properties were reassessed after recent improvements. However, rather than adding the value of the improvements to the prior assessment . . . the properties were reassessed to a comparable market value that included the value of the *261 improvements .... Since no comprehensive assessment plan was in place to reassess the entire tax roll to reflect the comparable market value of all appreciated properties, those properties with recent improvements bore a discriminatory tax burden not imposed on similarly-situated properties that had also appreciated, but which had no recent improvements.” (Id.)
In a number of other cases, this court has examined reassessments following improvements to existing structures, to determine if the reassessments were proper. (See Teja v Assessor of Town of Greenburgh, Sup Ct, Westchester County, May 27, 2004, Rosato, J., index No. 14628/03 [valuation increase above the cost of the addition of kitchen appliances is unconstitutional because it is a selective reassessment which denies equal protection guarantees]; Carter v City of Mount Vernon, Sup Ct, Westchester County, Nov. 25, 2003, Rosato, J., index No. 19301/02 [an assessment increase after a sale, based upon improvements to the property, was invalid, since the assessor had failed to identify or enumerate the specific renovations or improvements upon which he relied to reassess]; cf. Matter of Villamena v City of Mount Vernon, 7 Misc 3d 1020[A], 2005 NY Slip Op 50676[U] [Sup Ct, Westchester County 2005, Dickerson, J.] [where, although the court did not find selective reassessment, it did direct a new assessment, since the reassessment may have exceeded the actual value of the improvements].)
This court has also declined to award summary judgment finding selective reassessment, where construction may actually and arguably have been a new addition to the property and not just an improvement to an existing home on the premises. (See Carroll v City of Rye, Sup Ct, Westchester County, Mar. 28, 2007, LaCava, J. [a parcel upon which a home was subsequently constructed, while it had been the subject of a prior improvement, was improved only by a small shed which existed prior to and in a location separate from the subsequent house construction].)
Finally, this court has also found that the gutting and renovation of a home, even where the work performed exceeded the price it was purchased for, was nevertheless an improvement of the preexisting premises, and not new construction, but that, since the increase in assessed value was part of a comprehensive plan to increase valuations based on the equalized cost of improvements to the property, a reassessment to a comparable *262 market value that included the value of the improvement was not selective and therefore proper (see Bock v Town/Vil. ofScarsdale, 11 Mise 3d 1052[A], 2006 NY Slip Op 50178[U] [Sup Ct, Westchester County 2006, Dickerson, J.] [where affidavits by the Town/Village Assessor, Nannette Albanese, and Anthony R Spencer, a licensed architect hired by the Town/Village to inspect and evaluate the renovations, showed that the work performed on the house consisted of a “gut/renovation” of the premises costing between $1.3 million and $1.6 million, or somewhat in excess of the recent purchase price of the home]).
Analysis in Light of Young, Carroll, and Bock
The Town argues that Young is controlling on the instant matter. Here, it asserts that a property, while previously improved, reverted to unimproved status with the effective demolition of the prior improvement and the construction of the new home. The Assessor, determining that this constituted construction of an entirely new, significantly enlarged and magnificently appointed residence, then reassessed the 'property by consideration of both the nature of the construction and the property’s then market value. Per Young, this was entirely proper, and thus they are entitled to judgment as a matter of law.
Petitioners argue that the instant property was unlike that in Young. In this case, property which had already been improved by the addition of a structure, was the subject of “Alterations and Additions” to the structure itself. In Young the property was not improved upon at all until after a subdivision. The structure in Young was newly constructed in its entirety upon Young’s portion of a previously unimproved subdivided parcel. Therefore, since the property in this case was not newly-created, any reassessment must be based solely on the equalized cost of improvements.
Upon a summary judgment motion, the movant bears the initial burden of presenting evidence, in competent form, establishing entitlement to judgment as a matter of law, and “tendering sufficient evidence to eliminate any material issues of fact from the case” (Way v Grantling, 289 AD2d 790, 793 [3d Dept 2001]). Unless and until that initial burden is met, there is no need for the nonmovant to come forward with “evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (id.; see also Rodriguez v Goldstein, 182 AD2d 396, 397 [1st Dept 1992]).
*263 The court finds, regarding petitioners’ motion, that, at the outset, petitioners have met the initial burden, by showing entitlement to partial judgment as a matter of law on the issue of selective reassessment. This court, in, inter alla, Young and Carroll as set forth above, and the Second Department, in its affirmance of Stern and Young, have held that an already-improved property may only be reassessed, in the absence of a municipality-wide reassessment, as part of a comprehensive plan and based on the cost of improvements made to the property. Here, petitioners have demonstrated, as a matter of law, that the work done to the home consisted of an improvement to an existing structure, albeit one that gutted and substantially doubled the square footage of the residence, and not new construction. (See Bock, supra.) In addition, an examination of the affidavit of the Town’s Assessor reveals that there was no comprehensive, municipality-wide plan for reassessment upon improvements in place. Petitioners, however, have failed to meet the aforesaid burden as it relates to the proper equalized value of those improvements. The Lium letter, written on behalf of 39 Winfield Associates, LLC, is conclusory in its estimate of “approximately $1,000,000” having been spent for the hard costs of construction, and lacks any schedule of costs, materials, labor, or other calculations that would appropriately define what were the fair market costs of the improvements on this property.
Further, when viewing respondents’ properly submitted proof in a light most favorable to them, and upon bestowing the benefit of every reasonable inference to them (Boyce v Vazquez, 249 AD2d 724, 726 [3d Dept 1998]), material issues of fact do not exist as to whether the “Alterations and Additions” made to the premises instead consisted of demolition of the previously-existing residence, which restored the property thereby to an unimproved status, and which permits consideration of the subsequent changes as new construction and not improvements, or that there was a comprehensive plan in place for reassessment based on improvements to the premises. However, material issues of fact do in fact still exist as to whether the “Alterations and Additions” made to the premises by petitioners are of the equalized value which they assert in their moving papers.
Regarding respondents’ cross motion, the court finds that, at the outset, respondents failed to meet the initial burden, by failing to show that the Assessor’s actions were proper with regard to his assessing this property as new construction and to entitle *264 ment to judgment as a matter of law, or indeed even as to the existence of a comprehensive plan to reassess based on the equalized market value of improvements to parcels.
Based on the foregoing, it is hereby ordered, that the petitioners’ motion for partial summary judgment pursuant to CPLR 3212 is granted, solely on the issue of selective reassessment; and it is further ordered, that the petitioners’ application to declare invalid and void the 2006 and 2007 real property assessments upon the subject property is granted; and it is further ordered, insofar as petitioners seek an order compelling respondents to roll back the subject 2006 and 2007 assessments and to restore them to their prior (2001) level, such request is granted to the extent that the instant matter is remitted back to respondents for a new assessment for calendar years 2006 and 2007, which assessment is to be determined by taking the prior (2001) assessment and adding to same only the equalized value of the improvements to the subject property; and it is further ordered, that insofar as petitioners’ application seeks costs and disbursements, said application is granted, with the amount of any costs limited by statute to $200 (see CPLR 8201); and it is further ordered, that the respondents’ cross motion for summary judgment pursuant to CPLR 3212 is denied.
Petitioners may submit a proposed judgment on notice, representing the amount of the subject refund following calculation of a new assessment by respondents as set forth previously, subject to offset as likewise described above, which judgment may be accompanied by a bill of costs limited as per CPLR 8201. If petitioners challenge the equalized value of the improvements as determined by the Assessor, the matter is to be recalendared for a trial solely on the issue of the fair market costs and/or value of the improvements.