In the Matter of JOSEPH MANDEL et al., Appellants, v BOARD OF ASSESSORS FOR TOWN OF WOODBURY et al., Respondents. (And a Related Proceeding.) [876 NYS2d 460]—

In a hybrid proceeding, inter alia, pursuant to RPTL article 7 to review certain real property assessments for the tax year 2006/2007, and action for a judgment declaring, inter alia, that the assessments are unconstitutional and illegal, the petitioners/plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Orange County (LaCava, J.), dated September 5, 2007, as granted that branch of the motion of the respondents/defendants which was to dismiss the proceeding pursuant to RPTL article 7 as time-barred, and (2) from an order of the same court dated January 28, 2008, which, in effect, denied their motion for leave to renew and reargue their opposition to that branch of the motion of the respondents/

defendants which was to dismiss the proceeding pursuant to RPTL article 7 as time-barred, and for summary judgment declaring that the assessments are unconstitutional and illegal.

Ordered that the appeal from so much of the order dated January 28, 2008, as denied that branch of the petitioners/plaintiffs' motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated September 5, 2007, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the respondents/defendants' motion which was to dismiss the proceeding pursuant to RPTL article 7 as time-barred is denied; and it is further,

Ordered that the appeal from so much of the order dated January 28, 2008, as denied that branch of the petitioners/plaintiffs' motion which was for leave to renew is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated September 5, 2007; and it is further,

Ordered that the order dated January 28, 2008, is affirmed insofar as reviewed, without costs or disbursements.

The petitioners/plaintiffs own certain residential properties located in the respondent/defendant Town of Woodbury. The petitioners/plaintiffs' properties were assessed at higher values for the tax year 2006/2007 than for the prior tax year.

After unsuccessful challenges to the assessments of their properties, the petitioners/plaintiffs, alleging that their properties were overvalued, commenced the instant hybrid proceeding, inter alia, pursuant to RPTL article 7 to review the assessments. In addition, the petitioners/plaintiffs, challenging the method employed for the assessment of their properties, sought, among other things, a judgment declaring that the assessments were unconstitutional and illegal.

The Town and the respondent Board of Assessors for the Town of Woodbury (hereinafter together the Town) then moved, inter alia, to dismiss the proceeding pursuant to RPTL article 7 as time-barred. In the first order appealed from, the Supreme Court granted that branch of the Town's motion. However, the Supreme Court erred in doing so.

RPTL 702 (2) provides that a proceeding pursuant to RPTL article 7 to review an allegedly excessive assessment "shall be commenced within thirty days after the final completion and filing of the assessment roll containing" the challenged assessment. "For the purposes of" RPTL 702 (2), "an assessment roll

shall not be considered finally completed and filed until the last day set by law for the filing of such assessment roll or until notice thereof has been given as required by law, whichever is later" (RPTL 702 [2]).

Here, notice of the completion and filing of the final assessment roll containing the challenged assessments was given on July 1, 2006, 31 days before the petition was filed. Thus, the proceeding pursuant to RPTL article 7 could only have been timely commenced if "the last day set by law" (RPTL 702 [2]) for the filing of the final assessment roll was later than July 1, 2006.

RPTL 516 (1) requires the Town's assessor, in any given tax year, to complete and file the final assessment roll on or before July 1. Thus, ordinarily, in any given tax year, "the last day set by law" (RPTL 702 [2]) for the filing of the final assessment roll would be July 1. However, in 2006, July 1 fell on a Saturday.

General Construction Law § 25-a (1) provides that when a date certain set by law by which an act must be performed falls on a Saturday, Sunday, or a public holiday, the deadline for performing that act is extended to the next succeeding business day (*see Matter of Elbin Realty No. 2 v Boyland,* 22 AD2d 913 [1964], *affd* 16 NY2d 599 [1965]). Thus, pursuant to General Construction Law § 25-a (1), which is applicable to RPTL 516 (1) (*see O'Keeffe v Dugan,* 185 App Div 53, 54 [1918], *affd* 225 NY 667 [1919]), the Town's assessor was permitted to file the final assessment roll on the next succeeding business day after July 1, 2006, that is, Monday, July 3, 2006. Accordingly, under the circumstances, July 3, 2006, was "the last day set by law" (RPTL 702 [2]) for the Town's assessor to file the final assessment roll, regardless of the fact that he did so on an earlier date. Therefore, the petitioners/plaintiffs commenced the RPTL article 7 proceeding in a timely manner, and the Supreme Court should have denied that branch of the Town's motion which was to dismiss the proceeding as untimely.

After the first order appealed from was issued, the petitioners/plaintiffs moved, inter alia, for summary judgment declaring that the assessments were unconstitutional and illegal. The petitioners/plaintiffs, relatively recent purchasers of their properties, demonstrated their entitlement to judgment as a matter of law by establishing, prima facie, that the Town selectively assessed their properties based solely upon the transfer of title (*see Matter of Stern v Assessor of City of Rye,* 268 AD2d 482, 483 [2000]; *Matter of Feigert v Assessor of Town of Bedford,* 204 AD2d 543, 543-544 [1994]; *Matter of Krugman v Board of Asses-*

*sors of Vil. of Atl. Beach,* 141 AD2d 175, 182-184 [1988]). However, in opposition, the Town raised a triable issue of fact as to the constitutionality and legality of the assessments, by proffering evidence that they were made pursuant to a "comprehensive reassessment plan" (*Matter of Stern v Assessor of City of Rye,* 268 AD2d at 484; *cf. Matter of Mundinger v Assessor of City of Rye,* 187 AD2d 594, 595 [1992]; *Nash v Assessor of Town of Southampton,* 168 AD2d 102, 108-109 [1991]). Accordingly, in the second order appealed from, the Supreme Court properly denied that branch of the petitioners/plaintiffs' motion which was for summary judgment.

The petitioners/plaintiffs' remaining contentions are either academic in light of our determination or without merit. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.