■ In the Matter of DAVID WEINER et al., Respondents, v BOARD OF ASSESSORS AND/OR ASSESSOR OF TOWN/VILLAGE OF HARRISON et al., Appellants. [893 NYS2d 267]—

"It is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the Constitutions of the United States and the State of New York" (*Matter of Mundinger v Assessor of City of Rye*, 187 AD2d 594, 595 [1992]). Nevertheless, "reassessment upon improvement is not illegal in and of itself . . . [n]or is the use of the purchase price or the current market value to reach a tax assessment in and of itself unconstitutional 'so long as the implicit policy is applied even-handedly to all similarly situated property' " (*Matter of Stern v Assessor of City of Rye*, 268 AD2d 482, 483 [2000] [citations omitted], quoting *Allegheny Pittsburgh Coal Co. v Commission of Webster Cty.*, 488 US 336, 345 [1989]; *see Nash v Assessor of Town of Southampton*, 168 AD2d 102 [1991]).

In this case, there was no evidence that there was a "comprehensive assessment plan . . . to reassess the entire tax roll to reflect the comparable market value of all appreciated properties" (*Matter of Stern v Assessor of City of Rye*, 268 AD2d at 483; *see Matter of DeLeonardis v Assessor of City of Mount Vernon*, 226 AD2d 530, 532 [1996]). Accordingly, the determination of the Assessor of the Town/Village of Harrision (hereinafter the assessor) to reassess the petitioner's property based upon its enhanced market value as a result of recent alterations to the property, "rather than adding the value of the improvements to the prior assessment" (*Matter of Stern v Assessor of City of Rye*, 268 AD2d at 483) imposed, upon the property, a discriminatory tax burden not imposed on similarly-situated properties that had also appreciated, but which had no recent improvements (*see Matter of Stern v Assessor of City of Rye*, 268 AD2d 482 [2000]; *Matter of DeLeonardis v Assessor of City of Mount Vernon*, 226 AD2d at 532; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 183-184 [1988]).

The petitioners established their prima facie entitlement to judgment as a matter of law on the issue of whether the assessor improperly reassessed their property on a selective basis, and the appellants failed to raise a triable issue of fact in opposition. Accordingly, the court properly granted that branch of the petitioner's motion which was for summary judgment on the causes of action alleging improper and unlawful tax assessments for tax years 2007 and 2008 on the ground of selective reassessment, and properly denied the appellants' cross motion for summary judgment dismissing the petitions. Consequently, the court properly, in effect, granted those branches of the petitions which were to annul those tax assessments. Rivera, J.P., Dillon, Belen and Roman, JJ., concur. **[Prior Case History: 22 Misc 3d 257.]**