In the Matter of LEONE PROPERTIES, LLC, Respondent, v BOARD OF ASSESSORS FOR TOWN OF CORNWALL et al., Appellants. [916 NYS2d 149]—

In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2006, 2007, and 2008, the Board of Assessors for the Town of Cornwall and the Town of Cornwall appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Orange County (LaCava, J.), dated July 13, 2009, as amended July 15, 2009, as, upon reargument, vacated the determination in an order of the same court dated June 6, 2008, denying the petitioner's motion for summary judgment on the petitions, and thereupon granted the petitioner's motion for summary judgment on the petitions, upon reargument, adhered to the determination in the order dated June 6, 2008, denying their cross motion for summary judgment dismissing the petitions, directed the assessment rolls to be corrected, and directed the petitioner to be refunded any overpayments of taxes, with interest, (2) from an order of the same court dated July 15, 2009, which, sua sponte, amended the order dated July 13, 2009, to reflect that the correct date of that order was July 13, 2009, rather than July 13, 2008, and (3), as limited by their brief, from so much of an order of the same court dated December 4, 2009, as, in effect, denied that branch of their motion which was for leave to renew.

Ordered that the appeal from the order dated July 15, 2009, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated July 13, 2009, as amended July 15, 2009, and the order dated December 4, 2009, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

" 'It is well settled that a system of selective reassessment that has no rational basis in law violates the equal protection provisions of the Constitutions of the United States and the State of New York' " (*Matter of Weiner v Board of Assessors &/or Assessor of Town/Vil. of Harrison*, 69 AD3d 949, 950 [2010], quoting *Matter of Mundinger v Assessor of City of Rye*, 187 AD2d 594, 595 [1992]). "Nevertheless, reassessment upon improve-

ment is not illegal in and of itself . . . [n]or is the use of the purchase price or the current market value to reach a tax assessment in and of itself unconstitutional so long as the implicit policy is applied even-handedly to all similarly situated property" (*Matter of Weiner v Board of Assessors &/or Assessor of Town/Vil. of Harrison*, 69 AD3d at 950 [internal quotation marks omitted]; *see Allegheny Pittsburgh Coal Co. v Commission of Webster Cty.*, 488 US 336 [1989]; *Matter of Stern v Assessor of City of Rye*, 268 AD2d 482, 483 [2000]; *Nash v Assessor of Town of Southampton*, 168 AD2d 102 [1991]).

The petitioner established its prima facie entitlement to judgment as a matter of law on the issue of whether the assessor of the Town of Cornwall improperly reassessed the subject property on a selective basis, both with regard to the assessor's reassessment methodology for the relevant tax years in general, and the implementation of that methodology in connection with the increased assessments for the subject property in particular (*see generally Matter of Weiner v Board of Assessors &/or Assessor of Town/Vil. of Harrison*, 69 AD3d 949 [2010]; *Matter of Kaminsky v Assessor of Town of Ossining*, 12 Misc 3d 1169[A], 2006 NY Slip Op 51120[U] [2006]; *Matter of AKW Holdings LLC v Assessor of Town of Clarkstown*, 12 Misc 3d 1160[A], 2006 NY Slip Op 50976[U] [2006]; *Matter of McCready v Assessor of Town of Ossining*, 11 Misc 3d 1086[A], 2006 NY Slip Op 50719[U] [2006], *affd* 41 AD3d 851 [2007]; *Matter of Markim v Assessor of Town of Orangetown*, 11 Misc 3d 1063[A], 2006 NY Slip Op 50374[U] [2006]; *Bock v Town/Vil. of Scarsdale*, 11 Misc 3d 1052[A], 2006 NY Slip Op 50178[U] [2006]). In opposition, the appellants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the petitioner's motion for summary judgment on the petitions. Since, for the same reason, the appellants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the petitions.

Additionally, the Supreme Court properly, in effect, denied that branch of the appellants' motion which was for leave to renew. " '[I]n general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion' " (*Sobin v Tylutki*, 59 AD3d 701, 702 [2009], quoting *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). "A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first

652

factual presentation" (*Sobin v Tylutki*, 59 AD3d at 702, quoting *Renna v Gullo*, 19 AD3d 472, 473 [2005] [internal quotation marks omitted]; *see Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]). "The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (*Sobin v Tylutki*, 59 AD3d at 702; *see Worrell v Parkway Estates, LLC*, 43 AD3d at 437). Here, the facts set forth in the appellants' submissions in support of that branch of their motion which was for leave to renew were known to them at the time of their prior motion, and they failed to demonstrate a reasonable justification for failing to submit them on the earlier motion (*see Sobin v Tylutki*, 59 AD3d at 702; *Renna v Gullo*, 19 AD3d at 472). Accordingly, the Supreme Court properly, in effect, denied that branch of the appellants' motion which was for leave to renew. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur. **[Prior Case History: 24 Misc 3d 1218(A), 2009 NY Slip Op 51511(U).]**