*528 On April 26, 2006, the defendant executed an adjustable rate note and, in return for a loan he received, promised to pay the sum of $512,000 plus interest to the lender, WMC Mortgage Corp. The note was secured by a mortgage on the subject property, located in Hollis, New York. The mortgage stated, inter alia, that Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), was a nominee for the lender and that, for purposes of recording the mortgage, MERS was the mortgagee of record. On February 27, 2008, the mortgage was assigned by MERS, “together with the bond or obligation described” in the mortgage, to the plaintiff, as trustee. On March 11, 2008, the plaintiff commenced this action against the defendant to foreclose on the mortgage. The defendant interposed an answer alleging, inter alia, that the plaintiff was not the current holder of the note and mortgage. Thereafter, the plaintiff moved for summary judgment on the complaint. The defendant opposed the motion. In an order dated March 2, 2009, the Supreme Court granted the plaintiff’s motion for summary judgment. Six months later, the defendant moved for leave to renew his opposition to the plaintiff’s motion for summary judgment. In an order dated July 25, 2011, the Supreme Court, inter alia, denied the defendant’s motion for leave to renew. The defendant appeals, and we affirm the order dated July 25, 2011, insofar as appealed from.
“A motion for leave to renew is addressed to the sound discretion of the court” (Matheus v Weiss, 20 AD3d 454, 454-455 [2005]). Pursuant to CPLR 2221, a motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]) and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [3]; see Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932 [2011]; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437 [2007]). “A motion ‘to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation’ ” (Sobin v Tylutki, 59 AD3d 701, 702 [2009], quoting Renna v Gullo, 19 AD3d 472, 473 [2005] [internal quotation marks omitted]).
*529 Here, the purported new facts set forth in the defendant’s motion for leave to renew were available to him at the time he opposed the plaintiff’s motion for summary judgment, and he failed to demonstrate a reasonable justification for failing to submit them. In any event, the purported new facts would not have changed the prior determination (see Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall, 81 AD3d 649, 651 [2011]; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 985, 986 [2010]).
The defendant’s remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant’s motion for leave to renew his opposition to the plaintiffs prior motion for summary judgment. Skelos, J.E, Dillon, Leventhal and Sgroi, JJ., concur.