# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1221**
**CA 16-00090**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF CITY OF ROME,
PETITIONER-RESPONDENT,

V                 MEMORANDUM AND ORDER

BOARD OF ASSESSORS AND/OR ASSESSOR OF TOWN OF
LEWIS, BOARD OF ASSESSMENT REVIEW, ADIRONDACK
CENTRAL SCHOOL DISTRICT AND COUNTY OF LEWIS,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 2.)

---

C. LOUIS ABELOVE, UTICA, FOR RESPONDENTS-APPELLANTS BOARD OF ASSESSORS
AND/OR ASSESSOR OF TOWN OF LEWIS, AND BOARD OF ASSESSMENT REVIEW.

FERRARA FIORENZA, PC, EAST SYRACUSE (KATHERINE E. GAVETT OF COUNSEL),
FOR RESPONDENT-APPELLANT ADIRONDACK CENTRAL SCHOOL DISTRICT.

JOAN E. MCNICHOL, COUNTY ATTORNEY, LOWVILLE, FOR RESPONDENT-APPELLANT
COUNTY OF LEWIS.

GOLDMAN ATTORNEYS PLLC, ALBANY (PAUL J. GOLDMAN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeals from a judgment of the Supreme Court, Lewis County (Charles C. Merrell, J.), entered October 16, 2015. The judgment, inter alia, reduced certain tax assessments for the years 2012 through 2014 upon petitioner's motion for partial summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Petitioner commenced these consolidated proceedings pursuant to RPTL article 7 to challenge the real property tax assessments on one of its properties, a 725-acre dam and drinking-water reservoir and adjoining uplands (hereafter, parcel) located in the Town of Lewis (Town), for the years 2012 through 2014. Respondents appeal from a judgment granting petitioner's motion for partial summary judgment on the ground that respondents had improperly selectively reassessed the parcel, vacating the $18 million assessments placed on the parcel for the tax years in question, ordering that the assessments for the years in question be returned to the level of the 2011 assessment, i.e., approximately $11.45 million, and directing a refund of overpaid taxes, with interest. We conclude

that the court erred in granting the motion, and we therefore reverse.

As a preliminary matter, we dismiss appeal No. 1 on the ground that the order is subsumed in the judgment in appeal No. 2 (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567; *see also* CPLR 5501 [a] [1]). We note that respondent Adirondack Central School District filed a notice of appeal from the order in appeal No. 1, but not from the judgment in appeal No. 2.  We exercise our discretion to "treat the notice of appeal as one taken from the judgment" (*Hughes*, 140 AD2d at 988; *see* CPLR 5520 [c]).

Contrary to the contention of respondents, Supreme Court was not precluded from entertaining the motion by the mere fact that petitioner had been accorded, but thereafter waived, the right to engage in some further disclosure proceedings.  We agree with respondents, however, that the court erred in summarily reducing petitioner's assessments for the tax years in question by $6.55 million.  Contrary to the court's apparent holding, the absence from the record of a "comprehensive written plan of reassessment" did not, by itself, warrant the granting of partial summary judgment to petitioner on its claim that the parcel had been excessively and/or unequally reassessed on a selective basis.  We do not read the cases cited by the court as requiring the formulation of a written plan, but rather as merely forbidding a scheme of reassessment that is ad hoc and unexplained and hence without a rational basis (*see e.g. Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall*, 81 AD3d 649, 650-651, *affg* 24 Misc 3d 1218[A]; *Matter of Stern v Assessor of the City of Rye*, 268 AD2d 482, 483; *Matter of Krugman v Board of Assessors of Vil. of Atl. Beach*, 141 AD2d 175, 183-184; *see also Matter of Young v Town of Bedford*, 9 Misc 3d 1107[A], *9-18, *affd* 37 AD3d 729).  We further conclude that the court erred insofar as it concluded or suggested that the assessments must be set aside based merely on the fact that only about 400 of the approximately 800 tax parcels in the Town had their assessments changed from 2011 to 2012 (*see Nash v Assessor of Town of Southampton*, 168 AD2d 102, 105-109; *see also Matter of Mundinger v Assessor of City of Rye*, 187 AD2d 594, 595; *Parisi v Assessor of Town of Southampton*, 14 Misc 3d 1220[A], *5).

It is the rule in an RPTL article 7 proceeding that the "locality's tax assessment is presumptively valid," but that "[the] petitioner may overcome that presumption by bringing forth substantial evidence that its property has been overvalued" (*Matter of Niagara Mohawk Power Corp. v Assessor of the Town of Geddes*, 92 NY2d 192, 196; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188).  "In the context of a proceeding to challenge a tax assessment, substantial evidence will often consist of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Niagara Mohawk Power Corp.*, 92 NY2d at 196).  Until the presumption of the validity of the assessment is overcome, there is no obligation on the part of the assessor to come forward with proof of correctness of the assessment (*see FMC*

*Corp. [Peroxygen Chems. Div.]*, 92 NY2d at 187).  Only if the petitioner rebuts the presumption of validity must the court then examine and "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (*id*. at 188; *see Matter of Goodhue Wilton Props., Inc. v Assessor of Town of Wilton*, 121 AD3d 1360, 1361).  Certainly, where it is ultimately determined that the assessment is excessive or unequal, the court may correct the assessment to a level warranted by the proof adduced on the issue of valuation (*see* RPTL 720 [1] [b]; *see also* RPTL 706 [2]).

Here, the record contains no competent appraisal evidence by which the court plausibly might have determined that the fair value of the parcel was, on each of the taxable dates in question, $11.45 million.  Given that lack of proof of valuation, it must be concluded that petitioner failed to carry its evidentiary burden in challenging its tax assessment (*see Nash*, 168 AD2d at 108; *see generally FMC Corp. [Peroxygen Chems. Div.]*, 92 NY2d at 188).  "[I]t cannot be said, on the present record, that the Town acted in bad faith in this case or that [petitioner was] 'singled out for selective enforcement of tax laws that apply equally to all similarly situated taxpayers' . . . A record must be developed and factual findings made with respect to these material questions" (*Nash*, 168 AD2d at 109; *see Mundinger*, 187 AD2d at 595).

Entered:  February 3, 2017                      Frances E. Cafarell
                                                Clerk of the Court