Matter of Parkway Elderly Hous. Dev. Fund Co., Inc. v Assessor of City of Corning (2021 NY Slip Op 04829)





Matter of Parkway Elderly Hous. Dev. Fund Co., Inc. v Assessor of City of Corning


2021 NY Slip Op 04829


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


462 CA 20-01244

[*1]IN THE MATTER OF PARKWAY ELDERLY HOUSING DEVELOPMENT FUND CO., INC., PETITIONER-APPELLANT,
v
ASSESSOR OF CITY OF CORNING, RESPONDENT-RESPONDENT. CORNING-PAINTED POST AREA SCHOOL DISTRICT, INTERVENOR-RESPONDENT. 






WELCH & ZINK, CORNING (JEFF N. EVANS OF COUNSEL), FOR PETITIONER-APPELLANT. 
BRYAN J. MAGGS LAW OFFICES, PLLC, ELMIRA (BRYAN J. MAGGS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
HARRIS BEACH PLLC, PITTSFORD (DANIEL J. PALERMO OF COUNSEL), FOR INTERVENOR-RESPONDENT.


 Appeal from an order of the Supreme Court, Steuben County (Daniel J. Doyle, J.), entered December 9, 2019. The order granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to RPTL article 7 seeking review of the 2019 real property tax assessment for petitioner's property in the City of Corning (City). Respondent moved to dismiss the petition pursuant to, inter alia, CPLR 3211 (a) (5), and petitioner appeals from an order granting the motion. We affirm.
Contrary to petitioner's contention, Supreme Court properly granted the motion on the ground that the petition was untimely. RPTL 702 (2) provides that a proceeding to review an assessment of real property "shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment." The statute further provides that, "[f]or the purposes of this section an assessment roll shall not be considered finally completed and filed until the last day set by law for the filing of such assessment roll or until notice thereof has been given as required by law, whichever is later" (id.). Here, section C9-49 of the Corning City Charter (City Charter) designates June 1 as the last day for filing and publishing the final property tax assessment roll. In 2019, June 1 fell on a Saturday, and thus the final assessment roll for the City was required to be filed and published on the next succeeding business day, i.e., Monday, June 3, 2019 (see General Construction Law § 25-a [1]; see generally Matter of Mandel v Board of Assessors for Town of Woodbury, 60 AD3d 1063, 1065 [2d Dept 2009]). The record establishes that respondent filed and published the final property tax assessment roll for the City on June 3, 2019, which means the 30-day limitations period for challenging an assessment expired on July 3, 2019 (see RPTL 702 [2]). Petitioner, however, did not commence this proceeding until July 11, 2019.
Petitioner contends that the petition was timely because the deadline for filing the petition was 30 days after July 1. Specifically, petitioner contends that RPTL 516 requires tax assessors [*2]to file the final assessment roll on or before July 1, and therefore that date is "the last day set by law" for filing such an assessment (RPTL 702 [2]). We reject that contention.
The City has the power to adopt and amend local laws with respect to "[t]he preparation, making, confirmation and correction of assessments of real property and the review of such assessments subject to further review by the courts as provided by law" (Municipal Home Rule Law § 10 [1] [ii] [c] [2]). "[C]ity charter provisions describing form and procedure should be preferred to the general provisions of the tax laws; only when the city charter is silent as to form and procedure is resort to be made to the general tax laws" (Matter of Stevens Med. Arts Bldg. v City of Mount Vernon, 72 AD2d 177, 181 [2d Dept 1980]).
Thus, the City Charter provision regarding the deadline for filing the tax assessment roll is controlling (see generally id.), and therefore the court properly determined that, under RPTL 702 (2), the "last date set by law" for the filing of the assessment roll is the date set forth in the City Charter. We note that the legislature did not express an intention to designate the date set forth in RPTL 516 as the "last date set by law" under section 702 (2) inasmuch as section 702 (2) does not include the language of section 516 or make reference to section 516.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court