TYRONE WORRELL, Respondent, v PARKWAY ESTATES, LLC, Defendant, and 1299 EASTERN, LLC, Appellant. [840 NYS2d 817]—

In an action pursuant to General Municipal Law § 205-e to recover damages for personal injuries, the defendant 1299 Eastern, LLC, appeals from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated August 28, 2006, as

granted that branch of the plaintiff's motion which was for leave to renew his opposition to its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been determined in a prior order dated August 11, 2006, and upon renewal, vacated the order dated August 11, 2006, and denied the motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to renew his opposition to the prior motion of the defendant 1299 Eastern, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied, and the order dated August 11, 2006 is reinstated.

In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (*see Heaven v McGowan,* 40 AD3d 583, 586 [2007]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (*see Renna v Gullo,* 19 AD3d 472 [2005]). The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (*see Greene v New York City Hous. Auth.,* 283 AD2d 458, 459 [2001]). Here, in support of that branch of his motion which was for leave to renew, the plaintiff submitted additional facts known to him at the time of the prior motion without demonstrating a reasonable justification for failing to submit them on the earlier motion (*see Renna v Gullo, supra; Morrison v Rosenberg,* 278 AD2d 392 [2000]; *Cole-Hatchard v Grand Union,* 270 AD2d 447 [2000]). Thus, that branch of the motion should have been denied. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.