Sun Whan Lee, Respondent, v "John Doe" et al., Appellants. [870 NYS2d 66]—

The plaintiff commenced this action to recover damages for personal injuries sustained by her when the bus in which she was riding allegedly stopped suddenly and she fell to the floor.

"In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (*Worrell v Parkway Estates, LLC,* 43 AD3d 436, 437 [2007]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (*see Renna v Gullo,* 19 AD3d 472 [2005]). In this case, the plaintiff failed to set forth a reasonable justification for the failure to present the "new facts" on the original motion. In addition, the "new facts" offered by the plaintiff consisted of nothing more than a characterization of the stop as "violent" (*see Urquhart v New York City Tr. Auth.,* 85 NY2d 828, 830 [1995]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' prior motion for summary judgment.

The plaintiff's remaining contention is without merit. Spolzino, J.P., Carni, Eng and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 32277(U).]