JESSICA A. SOBIN, Appellant, v RAFAL TYLUTKI et al., Respondents, et al., Defendants. [873 NYS2d 743]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Dollard, J.), dated June 26, 2007, which granted the motion of the defendant Allen Luna for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was not at fault in the happening of the accident, and (2), as limited by her brief, from so much of an order of the same court dated November 16, 2007, as denied that branch of her motion which was for leave to renew her opposition to a prior motion of the defendants Rafal Tylutki and Dariusz Lipinski for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been determined in a second order dated June 26, 2007.

Ordered that the first order dated June 26, 2007 is affirmed; and it is further,

Ordered that the order dated November 16, 2007 is affirmed insofar as appealed from; and is further,

Ordered that one bill of costs is awarded to the respondents Rafal Tylutki and Dariusz Lipinski.

This action arises from a chain-reaction motor vehicle accident which occurred on March 21, 2005 on Eliot Avenue, near its intersection with 74th Street in Queens. A motor vehicle operated by the defendant Rafal Tylutki and owned by the defendant Dariusz Lipinski struck the rear of a vehicle operated by the defendant Allen Luna, propelling it into a vehicle operated by the defendant Frederick Vennera, which, in turn, was propelled into a motor vehicle operated by the plaintiff. According to Luna's undisputed testimony, he had been stopped at a red light at the intersection of Eliot Avenue and 74th Street for approximately 45 seconds when the impact to his car occurred.

The evidence which Luna submitted in support of his motion for summary judgment dismissing the complaint insofar as asserted against him established, prima facie, that he was not liable for the impact to the plaintiff's motor vehicle (*see Alvarez v*

*Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Arias v Rosario,* 52 AD3d 551 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court properly granted Luna's motion for summary judgment.

With respect to that branch of the plaintiff's motion which was for leave to renew, "[i]n general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion" (*Worrell v Parkway Estates, LLC,* 43 AD3d 436, 437 [2007]). A motion "to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Renna v Gullo,* 19 AD3d 472, 473 [2005], quoting *Rubinstein v Goldman,* 225 AD2d 328, 329 [1996]). The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (*see Worrell v Parkway Estates, LLC,* 43 AD3d at 437). Here, in support of that branch of her motion which was for leave to renew, the plaintiff submitted additional facts known to her at the time of the prior motion without demonstrating a reasonable justification for failing to submit them on the earlier motion (*see Renna v Gullo,* 19 AD3d at 472). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.