HSBC Bank USA, N.A. v Nemorin (2018 NY Slip Op 08634)





HSBC Bank USA, N.A. v Nemorin


2018 NY Slip Op 08634


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-04426
 (Index No. 10123/07)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Marie Nemorin, appellant, et al., defendants.


C. Steve Okenwa, P.C., New York, NY, for appellant.
Leopold & Associates, PLLC (Duane Morris LLP, New York, NY [Brett L. Messinger], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marie Nemorin appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 1, 2017. The order denied that defendant's motion pursuant to CPLR 2221(e) for leave to renew her prior motion, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered August 12, 2010, and to dismiss the complaint insofar as asserted against her, which had been denied in an order of the same court entered October 17, 2014.
ORDERED that the order entered March 1, 2017, is affirmed, with costs.
In this mortgage foreclosure action, the defendant Marie Nemorin (hereinafter the defendant) moved, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale entered August 12, 2010, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered October 17, 2014, the Supreme Court denied the motion.
More than 16 months later, on February 22, 2016, the defendant moved pursuant to CPLR 2221(e) for leave to renew her prior motion based upon the submission of purportedly new documentary evidence with regard to her place of residence to controvert the affidavit of service. In support of the motion, the defendant submitted, inter alia, an affidavit of her prior counsel, who averred, among other things, that the failure to submit the evidence on the prior motion was the product of law office failure because at the time of the prior motion, he was distracted, stressed, and depressed about an attorney disciplinary proceeding against him which thereafter resulted in his suspension from the practice of law. The Supreme Court denied the defendant's motion for leave to renew, and the defendant appeals.
A motion for leave to renew must " be based upon new facts not offered on the prior motion that would change the prior determination,'" and must " contain reasonable justification for the failure to present such facts on the prior motion'" (Jovanovic v Jovanovic, 96 AD3d 1019, 1020, quoting CPLR 2221[e][2], [3]). A motion for leave to renew should not be considered a second [*2]chance freely provided to a party who has not exercised due diligence in making the first factual presentation (see Sobin v Tylutki, 59 AD3d 701, 701).
Here, the defendant did not demonstrate a reasonable justification for her failure to submit the evidence on the earlier motion, as required by CPLR 2221(e)(3) (see Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall, 81 AD3d 649, 652; Sobin v Tylutki, 59 AD3d at 702). "The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (Sobin v Tylutki, 59 AD3d at 702; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for leave to renew her prior motion.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court