Wells Fargo Bank, N.A. v Lowinger (2019 NY Slip Op 01448)





Wells Fargo Bank, N.A. v Lowinger


2019 NY Slip Op 01448


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-10144
 (Index No. 3564/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Goldie Lowinger, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Cohn & Roth, LLC, Mineola, NY (Edward C. Klein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Goldie Lowinger appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 21, 2017. The order denied that defendant's motion for leave to renew her cross motion to dismiss the complaint insofar as asserted against her on the ground that she was not properly served with the summons and complaint, which had been denied in an order of the same court dated May 16, 2016, and granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale.
ORDERED that the order is affirmed, with costs.
On March 10, 2014, the plaintiff commenced this action to foreclose the mortgage of the defendant Goldie Lowinger (hereinafter the defendant). The defendant filed a late answer to the complaint, which the plaintiff rejected. The plaintiff then moved, inter alia, for an order of reference. In support, the plaintiff submitted, among other things, the affidavit of a process server, which stated that a copy of the summons and complaint was delivered to a member of the defendant's family at the defendant's address. The affidavit also stated that a copy of the summons and complaint was mailed to the defendant at the same address.
The defendant cross-moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a)(8) insofar as asserted against her on the ground that she was never served with the summons and complaint. In support, the defendant submitted her own affidavit, in which she stated: "[t]he fact of the matter is that I live only with my husband Meyer, in a one family home at that address."
In an order dated May 16, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference, and denied the defendant's cross motion, among other things, to dismiss, noting that the defendant "does not actually deny that she was served and received the summons and complaint . . . [E]ven taking what she says as true, she has not rebutted the process server's sworn statement that he served a family member at her home."
The defendant then moved for leave to renew her cross motion to dismiss. In support, [*2]she submitted an affidavit in which she stated that she was never served with the summons and complaint and that, because she was an observant Orthodox Jew, it was "malicious and vexing for [p]laintiff to have made service on [a]ffiant on Saturday, the Jewish Sabbath." The plaintiff moved for leave to enter a judgment of foreclosure and sale.
In an order dated June 21, 2017, the Supreme Court denied the defendant's motion for leave to renew, and granted the plaintiff's motion for leave to enter a judgment of foreclosure and sale. The defendant appeals.
Pursuant to CPLR 2221(e), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination" and the motion papers must contain a "reasonable justification for the failure to present such facts on the prior motion." Here, the defendant submitted the new facts that she was a Sabbath observer, and that the plaintiff had served her on a Saturday, but she offered no reasonable justification for her failure to submit these facts as part of her original cross motion to dismiss the complaint insofar as asserted against her. Therefore, we agree with the Supreme Court's determination to deny the defendant's motion for leave to renew, and to grant the plaintiff's motion for leave to enter a judgment of foreclosure and sale (see Sobin v Tylutki, 59 AD3d 701, 702; Renna v Gullo, 19 AD3d 472).
In view of the foregoing, we need not address the defendant's remaining contentions.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court