Deutsche Bank Natl. Trust Co. v Elshiekh (2020 NY Slip Op 00570)





Deutsche Bank Natl. Trust Co. v Elshiekh


2020 NY Slip Op 00570


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2017-01653
2017-06724
 (Index No. 2963/12)

[*1]Deutsche Bank National Trust Company, etc., plaintiff,
v
Moustafa Elshiekh, et al., appellants, et al., defendants; Residential Mortgage Loan Trust 2013-TT2, etc., nonparty-respondent.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellants.
Berkman, Henoch, Petterson, Peddy & Fenchel, P.C., Garden City, NY (Thomas A. Hooker of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Moustafa Elshiekh and Lorraine Pavon appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 24, 2016, and (2) an order of the same court entered November 10, 2016. The order entered October 24, 2016, insofar as appealed from, granted the motion of nonparty Residential Mortgage Loan Trust 2013-TT2 for leave to renew the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Moustafa Elshiekh and Lorraine Pavon, which had been denied in an order of the same court entered March 26, 2014, and upon renewal, in effect, vacated the order entered March 26, 2014, and thereupon granted the plaintiff's motion. The order entered November 10, 2016, granted the same relief.
ORDERED that the order entered October 24, 2016, is reversed insofar as appealed from, on the law, and the motion of nonparty Residential Mortgage Loan Trust 2013-TT2 for leave to renew the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Moustafa Elshiekh and Lorraine Pavon is denied, and the order entered November 10, 2016, is vacated; and it is further,
ORDERED that the appeal from the order entered November 10, 2016, is dismissed as academic in light of our determination on the appeal from the order entered October 24, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendants Moustafa Elshiekh and Lorraine Pavon.
In March 2007, the defendant Lorraine Pavon (hereinafter Lorraine) borrowed the sum of $402,500 from Castle Point Mortgage, Inc. (hereinafter Castle Point). Lorraine executed a note in favor of Castle Point, which was endorsed in blank. Lorraine and the defendant Moustafa [*2]Elshiekh (hereinafter Moustafa) also signed a mortgage encumbering certain real property located in Wantagh. Lorraine entered into a loan modification agreement executed on October 30, 2008, with UBS AG, New York Branch.
The plaintiff claims that it came into physical possession of the note on July 16, 2009. An assignment of the mortgage to the plaintiff was executed on September 10, 2009, and recorded on December 22, 2009.
In March 2012, the plaintiff commenced this action against, among others, Lorraine and Moustafa (hereinafter together the appellants) to foreclose the mortgage. The appellants interposed an answer which asserted, among other things, an affirmative defense that the plaintiff lacked standing to maintain the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants. The motion was supported by an attorney affirmation and by an affidavit dated September 16, 2013, of Brady Hannan, an agent of Home Servicing, LLC, which Hannan claimed was the servicer for the plaintiff. The appellants opposed the motion, and the motion was denied by order entered March 26, 2014. In denying the motion, the Supreme Court determined that the plaintiff had failed to establish a prima facie case for summary judgment, that the appellants had raised an issue of fact as to a defense, and that the plaintiff had not adequately responded to the appellants' discovery demands.
In January 2015, nonparty Residential Mortgage Loan Trust 2013-TT2 (hereinafter Residential), which claims to have acquired the note and the mortgage during the pendency of the action, moved for leave to renew the plaintiff's motion, inter alia, for summary judgment. The motion was supported by an attorney affirmation and by two additional affidavits of Hannan, both dated January 6, 2015. The appellants opposed the motion for leave to renew, and the motion was denied by order entered June 2, 2015. The Supreme Court concluded that Residential's papers suffered from the same deficiencies that were present on the prior motion and, further, that Hannan had failed to establish possession of the note by the plaintiff at the time the action was commenced and had also failed to demonstrate compliance with RPAPL 1304.
On April 26, 2016, Residential moved once again for leave to renew the plaintiff's motion, inter alia, for summary judgment. This motion was supported by an affirmation of counsel and by affidavits of Ronaldo Reyes, a vice president of the plaintiff, and of Jody Garcia, an officer of ClearSpring Loan Services, Inc. (hereinafter ClearSpring), who claimed that ClearSpring was the servicer of the subject loan. Reyes asserted, based on his review of the plaintiff's business records, that the original note, endorsed in blank, was physically delivered to the plaintiff on July 16, 2009, and that the plaintiff had physical possession of the note on the date the action was commenced. Garcia averred, based on his review of ClearSpring's business records, that a 90-day notice, in accordance with RPAPL 1304, was served upon Lorraine by both certified mail and first-class mail on November 22, 2011. The appellants opposed the motion. This time, by orders entered October 24, 2016, and November 10, 2016, respectively, the Supreme Court granted the motion for leave to renew and, upon renewal, granted the plaintiff's motion for summary judgment. The court stated that the affidavits of Reyes and Garcia and other documentary evidence were sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law and that in opposition, the appellants failed to raise a triable issue of fact. We reverse.
In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (see Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; Heaven v McGowan, 40 AD3d 583, 586). It is well settled that a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Worrell v Parkway Estates, LLC, 43 AD3d at 437; Renna v Gullo, 19 AD3d 472). Indeed, the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Worrell v Parkway Estates, LLC, 43 AD3d at 437; Greene v New York City Hous. Auth., 283 AD2d 458, 459). Successive motions for summary judgment should not be entertained in the absence of good cause, such as a showing of newly discovered evidence. [*3]However, evidence is not newly discovered simply because it was not submitted on the prior motion; rather, the evidence must not have been available to the party at the time it made its initial motion and could not have been established through alternate evidentiary means (see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474; Vinar v Litman, 110 AD3d 867, 868; Sutter v Wakefern Food Corp., 69 AD3d 844, 845).
Here, the Supreme Court should not have entertained Residential's second motion for leave to renew which was, in essence, the third bite at the apple, with the plaintiff having unsuccessfully moved for summary judgment and Residential having unsuccessfully sought renewal of that motion. The only explanation offered by Residential, on its second motion for leave to renew, for its failure to submit affidavits of Reyes and Garcia on its first motion for leave to renew was that it reasonably believed that the evidentiary submissions it made were sufficient to demonstrate standing and compliance with RPAPL 1304. This contention is devoid of merit; indeed, to accept this proposition would mean that any time the court found a motion for summary judgment to lack a prima facie foundation, the unsuccessful party could simply try again. Successive motions for the same relief burden the courts and contribute to the delay and cost of litigation. A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance. In the case before us, Residential did not demonstrate any valid reason why the affidavits of Reyes and Garcia could not have been submitted on either of the two previous motions. Since these affidavits were submitted without demonstrating a reasonable justification for failing to submit them on the earlier motion (see Worrell v Parkway Estates, LLC, 43 AD3d at 437; Renna v Gullo, 19 AD3d 472), renewal should have been denied.
In any event, contrary to the determination of the Supreme Court, the affidavits of Reyes and Garcia were insufficient to establish the plaintiff's prima facie entitlement to summary judgment. Both affiants based their assertions upon their review of unspecified business records without attaching or otherwise incorporating any such business records to their affidavits. Thus, their averments constitute inadmissible hearsay, lacking probative value (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Evidence as to the content of business records is admissible only where the records themselves are introduced; without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay (see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139). It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). A witness's description of a document not admitted into evidence is hearsay (see JP Morgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516-1517; see also Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). The assertions by Reyes and Garcia as to the contents of records were inadmissible without the submission of the records themselves (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; see also Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). While a witness may always testify as to matters within his or her personal knowledge through personal observation (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 205; see also JP Morgan Chase Bank, N.A. v Grennan, 175 AD3d at 1517), neither Reyes nor Garcia claimed to have any such personal knowledge.
In light of our determination, the appellants' remaining contentions need not be considered.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court