Waterfall Victoria Grantor Trust II, Series G v Philantrope (2022 NY Slip Op 07256)

Waterfall Victoria Grantor Trust II, Series G v Philantrope

2022 NY Slip Op 07256

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-03258
 (Index No. 514040/16)

[*1]Waterfall Victoria Grantor Trust II, Series G, appellant, 
v
Beatrice Philantrope, respondent, et al., defendants.

Kosterich & Skeete, LLC, Tuckahoe, NY (Denise Singh Skeete of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Noach Dear, J.), dated February 25, 2020. The amended order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to renew and reargue its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Beatrice Philantrope, which had been denied in an order of the same court dated March 11, 2019, and granted that branch of the cross motion of the defendant Beatrice Philantrope which was to direct the plaintiff to post a bond in the sum of $985,958.06.
ORDERED that the appeal from so much of the amended order as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed; and it is further,
ORDERED that the amended order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the cross motion of the defendant Beatrice Philantrope which was to direct the plaintiff to post a bond in the sum of $985,958.06, and substituting therefor a provision denying that branch of the cross motion; as so modified, the amended order is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the amended order as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Doctors for Surgery, PLLC v Aristide, 192 AD3d 991, 991).
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; Robinson v Viani, 140 AD3d 845, 848; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Worrell v Parkway [*2]Estates, LLC, 43 AD3d at 437). "Successive motions for the same relief burden the courts and contribute to the delay and cost of litigation. A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Wells Fargo Bank, N.A. v Osias, 205 AD3d 979, 981-982).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Beatrice Philantrope. The plaintiff failed to offer new facts or a change in the law that would change the court's prior determination to deny the plaintiff's prior motion (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; Robinson v Viani, 140 AD3d at 848; Worrell v Parkway Estates, LLC, 43 AD3d at 437). Furthermore, the plaintiff failed to provide any justification for its failure to present the allegedly new information supporting its renewal motion in support of its prior motion (see Wells Fargo Bank, N.A. v Osias, 205 AD3d at 981).
However, under the particular circumstances of this case, the Supreme Court improvidently exercised its discretion in granting that branch of Philantrope's cross motion which was to direct the plaintiff to post a bond in the sum of $985,958.06 in order to proceed with this action (see UCC 3-804; Gade v Islam, 2017 NY Slip Op 31752[U], *12 [Sup Ct, NY County]).
The parties' remaining contentions are not properly before this Court.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court