Nunez v Yonkers Racing Corp. (2023 NY Slip Op 03701)

Nunez v Yonkers Racing Corp.

2023 NY Slip Op 03701

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2021-03888
 (Index No. 56201/18)

[*1]Felix Nunez, respondent, 
v
Yonkers Racing Corp., appellant, et al., defendant.

Bleakley Platt & Schmidt, LLP, White Plains, NY (Peter F. Harrington of counsel), for appellant.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the defendant Yonkers Racing Corp. appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 10, 2021. The order denied that defendant's motion for leave to renew those branches of its prior motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it, which were denied in an order of the same court dated July 24, 2019.
ORDERED that order dated May 10, 2021, is affirmed, with costs.
The plaintiff commenced this action against the defendant Yonkers Racing Corp. (hereinafter the defendant) and an unnamed security guard, alleging, inter alia, false arrest and negligent hiring, training, retention, and supervision. The plaintiff alleges, inter alia, that on January 30, 2014, a security officer employed by the defendant falsely arrested him while using excessive force causing him to sustain personal injuries. The defendant interposed an answer denying the material allegations in the complaint and asserting various affirmative defenses.
The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated July 24, 2019, the Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it. The defendant then moved for leave to renew those branches of its prior motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it. By order dated August 31, 2020, the court denied the motion. Thereafter, the defendant again moved for leave to renew those branches of its prior motion which were for summary judgment dismissing the causes of action alleging false arrest and negligent hiring, training, supervision, and retention insofar as asserted against it. By order dated May 10, 2021, the court denied that motion. The defendant appeals from the order dated May 10, 2021. We affirm.
A motion for leave to renew shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination (see CPLR 2221[e][2]) and shall contain reasonable justification for the failure to present such facts on the prior motion (see id. § 2221[e][3]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Seegopaul v MTA Bus Co., 210 AD3d 715, 716; Dupree v Westchester County Health Care Corp., 164 AD3d 1211, 1214). "Successive motions for the same relief burden the courts and contribute to the delay and cost of litigation. A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second and third chance" (Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d 986, 987-988 [internal quotation marks omitted]).
Contrary to the defendant's contentions, the Supreme Court properly determined that the two affidavits submitted by the defendant on its second motion for leave to renew presented no new facts that were not previously offered that would have changed the prior determination, and that the defendant, in any event, failed to provide a reasonable justification for failing to present such affidavits on its original motion for summary judgment. Accordingly, the court properly denied the defendant's second motion for leave to renew.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court