HSBC Bank USA, N.A. v Krebs (2023 NY Slip Op 04661)

HSBC Bank USA, N.A. v Krebs

2023 NY Slip Op 04661

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05431
 (Index No. 607376/15)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Eva Krebs, appellant, et al., defendants.

Fred M. Schwartz, Smithtown, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eva Krebs appeals from an order of the Supreme Court, Suffolk County (Derrick J. Robinson, J.), dated June 14, 2021. The order, insofar as appealed from, (1) denied that defendant's motion pursuant to CPLR 5015 to vacate so much of two orders of the same court (Linda J. Kevins, J.), both dated September 10, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's affirmative defenses, for an order of reference, and for leave to renew that defendant's opposition to those branches of the plaintiff's motion, and, upon renewal, in effect, to deny those branches of the plaintiff's motion and to dismiss the complaint insofar as asserted against her, (2) granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, and (3) denied that defendant's cross-motion to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated June 14, 2021, is affirmed insofar as appealed from, with costs.
The plaintiff in this mortgage foreclosure action moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Eva Krebs (hereinafter the defendant), to strike the defendant's affirmative defenses, and for an order of reference. The motion was returnable April 17, 2018, and the notice of motion included a demand pursuant to CPLR 2214(b) that opposition papers be served at least seven days prior to the return date. On June 13, 2018, the defendant, then pro se, mailed her opposition to the motion to the plaintiff's counsel. On June 28, 2018, the plaintiff rejected the defendant's opposition as untimely.
In two orders, both dated September 10, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, and for an order of reference. The court stated that it "need not consider" the defendant's opposition to the motion because it was untimely, but that "in any event" the opposition was not sufficient to defeat the plaintiff's motion. On the issue of standing, the court rejected the defendant's contention that the plaintiff had failed to establish its standing, and further determined that the defendant's opposition failed to raise a triable issue of fact to rebut the plaintiff's prima facie showing of [*2]entitlement to summary judgment.
Thereafter, having retained counsel, the defendant moved, inter alia, to vacate so much of the orders dated September 10, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, for an order of reference, and for leave to renew the defendant's opposition to those branches of the plaintiff's motion. The plaintiff opposed the motion. While the defendant's motion was pending, the plaintiff moved, among other things, for a judgment of foreclosure and sale. The defendant opposed the plaintiff's motion, and cross-moved to dismiss the complaint insofar as asserted against her. In an order dated June 14, 2021, the Supreme Court denied the defendant's motion and cross-motion, and granted the plaintiff's motion. The defendant appeals.
At the outset, we decline to address the plaintiff's contention that the appeal should be dismissed, as the contention is based on matter dehors the record.
The defendant asserts that the Supreme Court should have denied summary judgment on the complaint insofar as asserted against her and should have dismissed the complaint insofar as asserted against her based on renewal and/or vacatur of the prior orders. The Supreme Court properly denied leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion," or "shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2], [3]; see Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d 986, 987). "[A] motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Hernandez v Nwaishienyi, 148 AD3d 684, 687 [internal quotation marks omitted]; see Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d at 987). Here, the defendant failed to provide a reasonable justification for her failure to present the allegedly new information supporting her renewal motion in opposition to the plaintiff's prior motion (see BCB Community Bank v Zazzarino, 210 AD3d 847, 852; Seegopaul v MTA Bus Co., 210 AD3d 715, 716). The defendant also failed to demonstrate a change in the law that would change the court's prior determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses, and for an order of reference (see Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d at 988).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 to vacate her default in opposing the plaintiff's motion. As a threshold matter, the record reflects that the court considered the merits of the defendant's opposition to the plaintiff's motion for summary judgment, despite the fact that the opposition was untimely, and therefore there was no default for the defendant to vacate (cf. Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 676-677; Hudson City Sav. Bank v Bomba, 149 AD3d 704, 704-705). In any event, a party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; NYCTL 1998-2 Trust v DR 226 Holdings, LLC, 192 AD3d 900). Here, the defendant's assertion that she relied on the advice of an unidentified acquaintance instead of consulting an attorney does not constitute a reasonable excuse for her default (see Chase Home Fin., LLC v Minott, 115 AD3d 634). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant demonstrated the existence of any potentially meritorious defenses to the plaintiff's motion (see Yaghmour v Mittal, 208 AD3d 1283, 1287-1288).
Thus, the Supreme Court properly denied the defendant's motion and cross-motion, and properly granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale (see Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 870, 870-871).
The defendant's remaining contention is without merit.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court