| |
|---|
| **Ledain v Uber USA** |
| 2025 NY Slip Op 30741(U) |
| March 3, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526169/2021 |
| Judge: Richard Velasquez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 66 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 3th day of March, 2025.

P R E S E N T:
HON. RICHARD VELASQUEZ
                          Justice.

-------------------------------------------------------------------X

LEDAIN ET AL.,

                         Petitioner,

    -against-

UBER USA ET AL

                      Respondents.

-------------------------------------------------------------------X

Index No.: 526169/2021
Decision and Order
Mot. Seq. No.2

The following *papers* numbered 31 to 39 read on this motion:

| Papers | NYSCEF Doc No.'s |
|---|---|
| Notice of Motion/Cross-Motion/Order to Show Cause Affidavits (Affirmations) Annexed_____ | 31-33 |
| Opposing Affidavits (Affirmations)_____ | 34-37 |
| Reply Affidavits (Affirmations)_____ | 39 |

After oral argument and a review of the submissions herein, the Court finds as follows:

Plaintiff moves, pursuant to CPLR § 2221(e), for an order granting Plaintiffs leave to renew this Court's decision dated July 20, 2022, and denying Defendants' application to stay proceedings pending completion of arbitration. Defendant Uber USA et al. hereinafter "UBER" opposes the same.

## ANALYSIS

CPLR 2221 in pertinent part states: "(d) A motion for leave to reargue: 1. shall be identified specifically as such; 2. shall be based upon matters of fact or law allegedly

[* 1]

overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and 3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. CPLR 2221(d)(2) articulates the standards previously outlined in the caselaw. A motion to reargue, it says: "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion. CPLR 2221.

Under the caselaw existing prior to the 1999 amendments, a motion for re-argument was often used when there was a change in the law after the prior order. CPLR 2221(e)(2) now clarifies that the motion to renew, not the motion to reargue, is the proper expedient when the motion is based on a change in the law that occurs while the case is still subjudice, such as a new statute taking effect or a definitive ruling on a relevant point of law being handed down by an appellate court that is entitled to stare decisis. *See Siegel, New York Practice* 449 (4th ed. 2005). The distinction, made clear in the caselaw and now embodied in the statute, is that the motion to renew involves new proof while the motion to reargue does not; it merely seeks to convince the court that it overlooked or misapprehended something the first time around and ought to change its mind. NY CPLR 2221. Additionally, A court has inherent discretionary power to vacate an order or judgment in the interests of substantial justice. *See Woodson v. Mendon Leasing Corp.*, 100 NY2d 62, 760 NYS2d 727, 790 NE2d 1156 (2003).

CPLR § 2221(e) provides in relevant part that "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior

2

[* 2]

determination or shall demonstrate that there has been a change in the law that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion." The Second Department has consistently ruled that "[t]he Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion." *Sobin v Tylutki*, 59 AD3d 701 [2d Dep't 2009]; *Worrell v Parkway Estates, LLC*, 43 AD3d 436 [2d Dep't 2007]. In the present case, Plaintiffs could not have presented the *Castro v Jem Leasing, LLC, et al.*, 2023 NY Slip Op. 01255; decision in opposition to Defendants' order to show cause, because it was issued nine months after this Courts order was issued. On March 14, 2023, the Appellate Division, First Department in *Castro*, unanimously affirmed a Bronx trial judge's denial of Uber's motion to stay litigation pending arbitration. The Court held that Uber failed to sustain its burden of showing that the parties had an explicit and unequivocal agreement to arbitrate. It noted that Uber failed to establish (1) that the plaintiff agreed to be bound by any arbitration agreement when she registered for the rider app; (2) that the Uber app constituted a valid clickwrap agreement putting plaintiff on inquiry notice of contract terms, including the arbitration agreement; and (3) that plaintiff assented to any such agreement. *Id.*

In the present case, plaintiff has pointed out the court overlooked that defendant offered no evidence of the existence of an arbitration agreement with Plaintiffs and misapplied the applicable law. This Court agrees. In the present case defendant Uber provide no evidence of an arbitration agreement with plaintiffs. Defendant's UBER, failed to include any agreement at all to their original motion papers. In the present case, just

3

like the *Castro* case the defendants wholly failed to establish through admissible evidence that any arbitration agreement existed between Defendants and Plaintiffs.

Accordingly, Petitioners request to reargue is granted and upon reargument this Court modifies the order dated July 20, 2022 to read as follows: Defendant UBER's order to show cause to stay this action pending arbitration is hereby denied, for the reasons stated above.

This constitutes the Decision/Order of the Court.

Date: MARCH 3, 2025

ENTER FORTHWITH:

_____

RICHARD VELASQUEZ, J.S.C.

Hon. Richard Velasquez, JSC

MAR 03 2025

4

[* 4]