**Fortun Vantage Ins., LLC v Fortun**

2025 NY Slip Op 31948(U)

June 2, 2025

Supreme Court, New York County

Docket Number: Index No. 651593/2025

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

----------------------------------------------------------------------X

| | |
|---|---|
| FORTUN VANTAGE INSURANCE, LLC,<br>VANTAGE INSURANCE PARTNERS, INC., | **INDEX NO.**　　651593/2025 |
| Plaintiffs, | **MOTION DATE**　　05/09/2025 |
| - v - | **MOTION SEQ. NO.**　　004 |
| HECTOR D. FORTUN, FORTUN HOLDINGS, LLC, | **DECISION + ORDER ON MOTION** |
| Defendants. | |

----------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 128–133, 140–143 were read on this motion to/for <u>RENEWAL</u>.

This matter arises from Defendants Hector D. Fortun ("Hector") and Fortun Holdings, LLC's, (collectively "Defendants") alleged wrongful interference with Plaintiffs Fortun Vantage Insurance and Vantage Insurance Partners, Inc.'s, (collectively "Plaintiffs") business through the attempted solicitation and acquisition of Plaintiffs' former clients and employees.  NYSCEF Doc. No. 1 (Summons and Compl.).  Plaintiffs move to renew arguments pursuant to CPLR 2221(e) regarding the Court's directive to post a bond in the amount of $1.25 million in connection with the issuance of a preliminary injunction against Defendants.  *See* NYSCEF Doc. No. 114 (4/24/25 Order).  Plaintiffs argue that under the relevant agreements in this action—specifically, Section 9.8 of the Membership Interest Purchase Agreement (MIPA) and Section 5(d) the Employment Agreement, the parties agreed to waive an undertaking in connection with seeking equitable relief.

Plaintiffs commenced the present action on March 24, 2025, by filing the Summons, Complaint, and an Order to Show Cause seeking a temporary restraining order and preliminary injunction enjoining Defendants "and/or those individuals or entities acting in concert with them or working on their behalf from (i) disclosing plaintiffs' confidential and proprietary information during the Restricted Period as defined in the Membership Interest Purchase Agreement and the Employment Agreement… (ii) competing with plaintiffs during the sit out period as provided in the Membership Interest Purchase Agreement and the Employment Agreement… (iii) soliciting the Restricted Persons of plaintiff Fortun Vantage Insurance, LLC… and (iv) soliciting the Restricted Customers/Clients of plaintiff Vantage Insurance, LLC as defined in the Membership Interest Purchase Agreement and the Employment Agreement… ."  NYSCEF Doc. No. 2 (proposed Order to Show Cause with TRO).  On March 25, 2025, Plaintiffs submitted as exhibits to the Complaint the MIPA and the Employment Agreement.  NYSCEF Doc. Nos. 29–30.

On April 2, 2025, the parties appeared before this Court for a TRO hearing. NYSCEF Doc. No. 56 (4/2/25 Tr.). Defendants raised the issue of a bond/undertaking and the Court heard argument from both parties on the issue. *Id.* at 75:24–79:24. Counsel for Plaintiff stated:

> A bond on a TRO as opposed to a preliminary injunction is discretionary, but if the Court thought a bond was appropriate, we'd recommend that it be at the same amount that was issued for the injunctions issued in Florida, which was $400,000,[1] especially since we're only talking about a short period of time with the briefing schedule, Your Honor.

*Id.* at 76:4–76:10. Pursuant to oral argument held on the record, the Court ordered Plaintiff to post a bond in the amount of $100,000. *Id.* at 79:24–79:25. Although the subject matter of the TRO and this litigation relates directly to the MIPA and Employment Agreement, both of which were part of the record as of the date of the TRO hearing, Plaintiffs did not raise Section 9.8 of the MIPA or Section 5(d) the Employment Agreement. Plaintiffs posted the bond on April 7, 2025. NYSCEF Doc. No. 55.

On April 24, 2025, the Court held a preliminary injunction hearing. NYSCEF Doc. No. 134 (4/24/25 Tr.). The parties were given ample opportunity to submit briefing, including reply papers, prepare for the hearing, and submit exhibits in advance of the hearing. 4/2/25 Tr. 71:19–72:1. Plaintiffs submitted both the MIPA and Employment Agreement as exhibits. *See* VEC at 1-38, 1-39. At the closing of the preliminary injunction hearing, the Court "revisit[ed] the bond and undertaking in this case." 4/24/25 at 135:25–136:5. The Court heard argument from both parties. Plaintiffs' counsel argued that Plaintiffs should not be required to post a bond greater than $250,000. *Id.* at 138:2–138:6. Plaintiffs' counsel did not raise any argument regarding waiver of the bond requirement under Section 9.8 of the MIPA or Section 5(d) the Employment Agreement. The Court ordered Plaintiff post a bond in the amount of $1,250,000. NYSCEF Doc. No. 114. Plaintiffs posted the bond on April 29, 2025. NYSCEF Doc. No. 118.

Plaintiffs now "ask the Court to reconsider the decretal paragraph in the Order regarding an undertaking because plaintiffs were not able to submit any written opposition to defendants' Request…[and] the contractual provisions in the MIPA and the Employment Agreement each contain provisions whereby defendants have expressly waived any entitlement to a bond." NYSCEF Doc. No. 129 at 6.

"A motion for leave to renew: (1) shall be identified specifically as such; (2) shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and (3) shall contain reasonable justification for the failure to present such facts on the prior motion." CPLR § 2221(e). "Although renewal motions generally should be based on newly discovered facts that could not be offered on the prior motion, courts have discretion to relax this requirement and to grant such a motion in the interest of justice." *Mejia v. Nanni*, 763 N.Y.S.2d 611, 612 (1st Dept. 2003) (citing CPLR § 2221(e)). However, "'[a] motion to renew is not a

---

[1] The Court believes this to be a stenographical error as, in the Florida action, Plaintiffs were only required to post a bond of $100,000. *See* NYSCEF Doc. No. 36 at 34 (Fla. Order).

**651593/2025 FORTUN VANTAGE INSURANCE, LLC ET AL vs. FORTUN, HECTOR D. ET AL**     **Page 2 of 4**
**Motion No. 004**

second chance freely given to parties who have not exercised due diligence in making their first factual presentation.'" *Queens Unit Venture, LLC v. Tyson Ct. Owners Corp.*, 975 N.Y.S.2d 57, 58 (1st Dept. 2013) (quoting *Sobin v. Tylutki*, 873 N.Y.S.2d 743 (2d Dept. 2009)).

Plaintiffs argue that the Court should reconsider requiring an undertaking as "plaintiffs are presenting new facts regarding undertakings because there was no prior opportunity to present the issue in the motion papers filed with the Court." NYSCEF Doc. No. 129 at 8. Not so. The Court allowed Plaintiffs to submit reply papers in connection with the injunctive relief sought (and after a bond was directed pursuant to the TRO hearing) and twice heard argument on the record at the TRO and Preliminary Injunction hearings. Plaintiffs commenced this action on March 24, 2025, and filed the MIPA and the Employment Agreement the next day. NYSCEF Doc. Nos. 1, 29–30. Accordingly, Plaintiffs and their counsel possessed the relevant agreements since, at least, March 25, 2025. NYSCEF Doc. Nos. 29–30. Plaintiffs appeared for oral argument on April 2, and April 24, 2025, wherein the bond was discussed and argued. NYSCEF Doc. Nos. 56, 134. Despite possessing the relevant agreements, Plaintiffs did not argue the relevant provisions and, instead, argued that the bond should be set at $100,000 and $250,000, respectively. NYSCEF Doc. Nos. 4/2/25 Tr. at 76:4–76:10; 4/24/25 Tr. at 138:2–138:6. Plaintiffs posted both bonds without further objection. NYSCEF Doc. Nos. 55, 114. The record establishes that Plaintiffs had sufficient opportunity to review the relevant agreements and dispute the inclusion of any undertaking but failed to do so without justification.

Further, the caselaw cited by Plaintiffs in support of its contention is inapposite to the present matter, where Plaintiffs have had sufficient opportunity to present and argue the relevant evidence concerning alleged waiver of the bond requirement. In *794 Lexington Realty LLC v. 794 Lexington Inc.*, the movants' prior counsel had not asked the movant to provide relevant evidence of the movant's relocation from New York to Florida, through no fault of movant's new counsel. 176 N.Y.S.3d 475 (N.Y. Cnty. Sup. Ct. 2022). In *Lopez v. Kelly St. Realty, Inc.*, a slip and fall case, the Appellate Division found that the motion to renew should have been granted as the defendant did not previously disclose the correct location of the injury on her body (right ankle versus left ankle) which hindered the movant from seeking sufficient discovery. 965 N.Y.S.2d 111 (1st Dept. 2013).

Second, Plaintiffs argue that the Court should reconsider requiring an undertaking "in the interests of justice to relieve plaintiffs of the burden and expense imposed by an undertaking that defendants waived." NYSCEF Doc. No. 129 at 9. The cases cited by Plaintiffs in support of this proposition involve vastly different factual scenarios and threshold issues, such as jurisdiction. In *794 Lexington Realty LLC*, the court held that the movant's prior attorney's failure to present relevant evidence as to the movant's relocation implicated the court's jurisdiction over the movant. 176 N.Y.S.3d at 475. Similarly, in *Jewelry v. Klein*, the court granted leave to renew because "it would be unfair and a waste of resources (both those of the parties and of this court) to force [the moving party] to go to trial to prove an already-established claim." 183 N.Y.S.3d 296 (N.Y. Cnty. Sup. Ct. 2023). In *Lopez*, the First Department determined that there was reasonable justification and that motion the renew should have been granted because it was defendant's actions that hindered the movant's right to seek "open and far-reaching pre-trial discovery" regarding the relevant injury. 965 N.Y.S.2d at 112.

651593/2025   FORTUN VANTAGE INSURANCE, LLC ET AL vs. FORTUN, HECTOR D. ET AL          Page 3 of 4
Motion No.  004

3 of 4

Here, Plaintiffs had a full and fair opportunity to be heard on the issue of the bond and do not establish a reasonable justification for failure to include evidence/argument of the relevant provisions of the MIPA and Employment Agreement in their original motion and during the course of two hearings.

The Court has considered the parties' remaining contentions and finds them to be unavailing.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Renew pursuant to CPLR 2221(e) is DENIED.

The foregoing constitutes the Decision and Order of the Court.

20250602214885ARPAT-L13455337CFDD49119634780C4C47E556

| 6/2/2025 | | | | ANAR R. PATEL, A.J.S.C. | |
|----------|---|---|---|-------------------------|---|
| DATE | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|------------------------|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651593/2025   FORTUN VANTAGE INSURANCE, LLC ET AL vs. FORTUN, HECTOR D. ET AL**
**Motion No.  004**                                                                    Page 4 of 4

4 of 4